UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-4467-MWF (AFMx) | Date: August 30, 2017 |
| Title: Rosalina Romo v. Wells Fargo Bank, N.A., et al. | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION [17]

On June 22, 2017, Defendant Wells Fargo filed a Motion to Dismiss Complaint ("Motion to Dismiss" (Docket No. 11)), which Defendant Barrett Daffin Frappier Treder and Weiss, LLP joined on June 28, 2017 (Docket No. 14). Plaintiff did not oppose the Motion to Dismiss. On August 3, 2017, the Court granted the Motion to Dismiss (the "Dismissal Order"), and further ordered Plaintiff to show cause on or before **August 21, 2017** why the action should not be dismissed for failure to prosecute. (Docket No. 17). The Court warned Plaintiff that failure to respond to the Court's Order would result in dismissal of the action with prejudice. (*Id.* at 3).

Plaintiff failed to respond to the Court's Order. Accordingly, this action is **DISMISSED** *with prejudice*.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-4467-MWF (AFMx)                    Date:  August 30, 2017
Title:    Rosalina Romo v. Wells Fargo Bank, N.A., et al.

disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Here, the first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. Plaintiff has not participated in the action since before the action was removed to this Court, on June 15, 2017. (Docket No. 1). Plaintiff's refusal to participate in the action, even in response to the Court's Dismissal Order, hinders the orderly resolution of her claims on their merits.

The third factor — prejudice to the putative Defendants — also weighs in favor of dismissal. A rebuttable presumption of prejudice arises when there is a failure to prosecute the action. *Eisen*, 31 F.3d at 1452–53. That presumption may be rebutted where a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor — public policy in favor of deciding cases on their merits — weighs against dismissal. It is Plaintiff's responsibility, however, to move the action toward resolution at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has failed to discharge her responsibility. Furthermore, Plaintiff was warned of the consequences of her actions, and nevertheless chose not to respond. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to prosecute.

The fifth factor — availability of less drastic sanctions — weighs in favor of dismissal. The Court has attempted to avoid outright dismissal by issuing the order to show cause in the Dismissal Order. Plaintiff has not complied with the order to show cause despite the Court's warning that failure to file the requested response would result in the action's dismissal. *See also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 17-4467-MWF (AFMx)                                **Date:**  August 30, 2017
**Title:**     Rosalina Romo v. Wells Fargo Bank, N.A., et al.

before finally dismissing a case, but must explore possible and meaningful alternatives.").

     Taking all of the above factors into account, dismissal for failure to prosecute and failure to comply with the Dismissal Order is appropriate. Accordingly, the action is **DISMISSED** *with prejudice*.

     This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

     IT IS SO ORDERED.